DAVID N. BARRY, ESQ. (SBN 219230)
THE BARRY LAW FIRM
11835 W. Olympic Blvd., Suite 440
Los Angeles, CA 90064
Telephone: 310.684.5859
Facsimile: 310.862.4539

Attorneys for Plaintiff, GEORGE ADAMS

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE ADAMS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC., a Delaware Limited Liability Company; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:17-cv-00068-MMA-KSC<br><br>(Removed from San Diego Superior Court – Case No. 37-2016-00042492-CU-BC-CTL)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>[Filed and served Concurrently with Declaration of David N. Barry; and [Proposed] Order]<br><br>**DATE:** August 14, 2017<br>**TIME:** 2:30 p.m.<br>**DEPT.:** 3D<br><br>*Assigned for all purposes to the Hon. Michael M. Anello*<br>*in Courtroom 3D* |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on August 14, 2017 at 2:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 3D of the above-entitled Court, located at 221 West Broadway, San Diego, CA 92101, Plaintiff GEORGE ADAMS will move and hereby does move the Court for an order granting leave to amend Plaintiff's Complaint to: (1) add GMG Motors, Inc. d/b/a BMW of San Diego as a Defendant; (2) add factual allegations regarding Defendant GMG

-1-
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

| | |
|---|---|
| 1 | Motors, Inc.'s conduct; (3) add a cause of action for negligent repair against Defendant GMG |
| 2 | Motors, Inc. |
| 3 |     This motion is made pursuant to Federal Rule of Civil Procedure Rule 15 and Rule 20 and |
| 4 | is based upon the grounds that Plaintiff has discovered that Defendant GMG Motors, Inc. is |
| 5 | potentially liable for damages to Plaintiff's vehicle that occurred while GMG Motors, Inc. |
| 6 | conducted repairs to Plaintiff's vehicle because such repairs may have been completed negligently |
| 7 | and to Plaintiff's detriment. It is in the interest of justice to allow Plaintiff to amend his Complaint |
| 8 | so that he can properly allege a new cause of action against Defendant GMG Motors, Inc. because |
| 9 | the claims arise from the same transaction, occurrence, or series of transactions or occurrences at |
| 10 | Plaintiff's claims against defendant BMW of North America, LLC ("BMW NA"). Further, the new |
| 11 | proposed cause of action against GMG Motors, Inc. also contains questions of law and/or fact |
| 12 | common to claims against BMW NA. Defendant BMW NA will not suffer any prejudice regarding |
| 13 | this amendment because the underlying facts of Plaintiff's claims against BMW NA remain the |
| 14 | same. |
| 15 |     This Motion will be based on this Notice, the Memorandum of Points and Authorities filed |
| 16 | and served herewith, the papers and records on file herein, and on such oral and documentary |
| 17 | evidence as may be presented at the hearing of this Motion. |

DATED: July 5, 2017

                                                           THE BARRY LAW FIRM
                                                           DAVID N. BARRY

By: _____
     David N. Barry
     For Plaintiff
     GEORGE ADAMS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Plaintiff GEORGE ADAMS respectfully submits the following Memorandum of Points and Authorities in support of his Motion for Leave to File First Amended Complaint. The proposed amendments concern the addition of claims against GMG Motors, Inc. Plaintiff's further investigation into this case has led to the identification of a new cause of action against GMG Motors, Inc. Plaintiff now seeks to amend to include the new cause of action.

Federal Rule of Civil Procedure ("F.R.C.P."), Rule 20 allows joinder of GMG Motors, Inc. The proposed cause of action against GMG Motors, Inc. arise from the same series of transactions or occurrences as Plaintiff's claims against BMW of North America, LLC ("BMW NA") and also involve common questions of law and fact.

Further, F.R.C.P. 15 provides this Court with the broad authority to grant leave to amend. The law states that leave to amend should be granted unless there is substantial undue prejudice to the non-moving party (i.e., BMW NA), or if there is a strong showing that the moving party is using the motion in bad faith or there is undue delay. As discussed below, Plaintiff has only legitimate motives for seeking to amend his Complaint. Plaintiff has valid claims against a third party related to the claims herein and if leave to amend is denied Plaintiff will be forced to pursue recovery in two different forums. Further, Plaintiff has acted with all haste to seek leave to amend. Finally, BMW NA faces no prejudice if leave to amend is granted. Based on the foregoing, Plaintiff respectfully requests that this Court grant leave to file the proposed First Amended Complaint.

### II.    FACTUAL BACKGROUND AND PROPOSED AMENDMENTS

#### A. The Subject Vehicle and Alleged Damages

This action arises out of the Plaintiff's purchase of a used 2014 BMW 328D (the "Vehicle") from authorized BMW NA dealer BMW of San Diego dealership in San Diego, California on November 20, 2105. (See Declaration of David N. Barry in Support of Plaintiff's Motion for Leave to Amend ("Barry Decl.") at ¶ 6). On at least three separate occasions, Plaintiff sought repairs for repeated issues with the Vehicle. Plaintiff complained of numerous problems including electrical

malfunctions and malfunctioning exterior lights. (*Id.*)

### B. Plaintiff's Initial Complaint and Defendant's Answer

On or about December 5, 2016, Plaintiff filed this action in California Superior Court, County of San Diego, where it was assigned Case No. 37-2016-00042492-CU-BC-CTL ("State Case"). (See Barry Decl. at ¶ 8). The original Complaint alleged two causes of action against BMW NA for breach of the express and implied warranties under California's Song-Beverly Consumer Warranty Act, California Civil Code section 1790 *et seq.* ("Song-Beverly"). Song-Beverly provides relief to consumers when manufacturers and sellers of automobiles fail to conform the vehicles they have sold to express and implied warranties. (See Barry Decl. at ¶ 9).

On or around January 12, 2017, Defendant BMW NA removed this matter from State to Federal Court via a notice of removal. (See Barry Decl. at ¶ 10). On January 12. 2017, Defendant BMW NA filed its Answer. (See Barry Decl. at ¶ 11).

### C. Plaintiff Acted Promptly in Seeking this Amendment

Since Plaintiff filed the initial Complaint, he has engaged in investigation, research and analysis in support of pursuing the claims that have already been alleged. These investigations have led to the discovery of Plaintiff's proposed cause of action against GMG Motors, Inc. dba BMW of San Diego. Following discovery of this new claim, Plaintiff has acted promptly to seek this amendment.

This action was initially filed on December 5, 2016. BMW NA swiftly removed the case to this Court on January 12, 2017. Only a couple months have passed since the filing of this motion and during that brief period, Plaintiff learned that he has an additional claim against GMG Motors, Inc. Plaintiff met and conferred with BMW NA about adding the new party. BMW NA refused to stipulate to the amending the Complaint to add the new party thereby necessitating this Motion.

### D. Proposed Amendments

Based on the foregoing, Plaintiff now seeks leave to amend his Complaint to include a claim of negligent repair against GMG Motors, Inc. To that end, Plaintiff has drafted the proposed First Amended Complaint to include these allegations against GMG Motors, Inc., its attempts to repair the Vehicle, and facts surrounding its failure to do so. This includes new allegations in

paragraphs 3 and 39 – 44 against defendant GMG Motors, Inc. and its negligent servicing of the Vehicle. The proposed First Amended Complaint also includes additional required formatting changes to the caption page regarding the new defendant.

### III.   LEGAL ARGUMENT

#### A. Joinder of GMG Motors, Inc. as a Defendant is Permitted by the Federal Rules

The proposed addition of GMG Motors, Inc. is permitted by the Federal Rules of Civil Procedure. Specifically, Rule 20 permits the joinder of parties and states that a party may be joined as a defendant in an action with another defendant if:

(A)   any right to relief asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B)   any question of law or fact common to all defendant will arise in the action. (F.R.C.P., Rule 20(a)(2)(A)-(B)).

Here, the proposed cause of action against GMG Motors, Inc. arises from the same transactions as the claims already alleged against Defendant BMW NA. The Song-Beverly and negligent repair claims arise from the sale of the Vehicle, the subsequent technical complaints that Plaintiff experienced, and the many repair attempts that GMG Motors, Inc. attempted on behalf of BMW NA.

Further, all actions arise from common questions of law or fact. The determination of the nature, source and extent of the technical difficulties Plaintiff experienced with the Vehicle is a factual question that is at the center of all claims alleged. Furthermore, if it is determined that GMG Motors, Inc.'s negligence is the cause of some or all of Plaintiff's damages, it will have an impact on Plaintiff's claims against BMW NA and BMW NA's defenses.

Based on the foregoing, Rule 20 permits the joinder of GMG Motors, Inc. as a defendant.

#### B. This Court Has Authority to Grant Plaintiff Leave to Amend His Complaint

Federal Rule of Civil Procedure Rule 15 states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." (F.R.C.P. Rule 15(a)(2)). It further states that "[t]he court should freely give leave when justice so requires." (*Id.*). The policy favoring

leave to amend is to be applied with "extreme liberality." (*Sonoma County Ass'n of Retired Employees v. Sonoma County* (9th Cir. 2013) 708 F.3d 1109, 1117). It has been held that federal policy strongly favors determination of cases on their merits and, therefore, leave to amend is freely given unless the opposing party makes a showing of undue prejudice, bad faith, or dilatory motive on the part of the moving party. (See *Foman v. Davis* (1962) 371 U.S. 178, 182; *Sonoma County, supra.,* at 1117).

### i. Defendant Will Suffer No Prejudice if Amendment is Allowed

It has been held that prejudice to the opposing party is by far the most important reason for denying leave to amend. (See *Eminence Capital, LLC v. Aspeon, Inc.* (9th Cir. 2003) 316 F.3d 1048, 1052 ["Prejudice is the touchstone of the inquiry under rule 15(a)."]). If there is not prejudice, absent a strong showing of any of the other reasons for denying leave to amend, "there exists a presumption under Rule 15(a) in favor of granting leave to amend. (*Id.*). Further, the prejudice must be substantial to justify denial of leave to amend. (See *Morongo Band of Mission Indians v. Rose* (9th Cir. 1990) 893 F.2d 1074, 1079).

Here, there is absolutely no prejudice to defendant BMW NA if Plaintiff is granted leave to amend. The new allegations concern a third party, GMG Motors, Inc. As such, the proposed amendments in no way change the allegations against BMW NA.

There is also no prejudice because of timing or new litigation expenses. This action was instituted on December 5, 2016 and was removed on January 12, 2017. Defendant BMW NA has only recently filed its answer on January 12, 2017. A trial date has not been set in this matter. Discovery has barely started and the majority of litigation is still in the future. As such, there is no risk of prejudice caused by undue delay or further litigation expenses.

### ii. Plaintiff's Request for Leave to Amend is Not Made in Bad Faith

Plaintiff does not make this request in bad faith. Plaintiff has a legitimate and recently discovered claim against GMG Motors, Inc. That claim is related to the claims against BMW NA because they arise from the same transaction or occurrence (i.e., they arise from the failure to repair the Subject Vehicle). Only a few short months have passed since Plaintiff filed his Complaint. He has been working diligently to analyze documents in support of his claims and has only recently

discovered grounds for the claims against GMG Motors, Inc. Plaintiff has acted with all haste and moved for amendment as soon as possible. Further, Plaintiff's amendment is sought to avoid multiple actions in different Courts. If it is not granted, it will place an undue and unnecessary burden on Plaintiff and the Court system and could result in inconsistent verdicts. As such, this motion is not brought with a dilatory motive or in bad faith.

### iii. There is No Undue Delay

Plaintiff has not unduly delayed in seeking this amendment and there is no dilatory motive behind this motion. It is well established that delay alone is not enough to support a denial and the Court must also find either "prejudice to the opposing party, bad faith by the moving party, or futility of the amendment." (*Bowles v. Reade* (9th Cir. 1999) 198 F.3d 752. 758. Here, Plaintiff moved for leave to amend at the earliest opportunity – a few months after filing the initial Complaint.

Only limited written discovery has been conducted and no depositions have taken place. As such, there is enough time to conduct any additional efforts that will be required if the amendment is permitted.

### C. Plaintiff Will Be Significantly Injured if Amendment is Not Allowed

If Plaintiff is not permitted leave to amend, he will suffer undue prejudice and be significantly injured because he will be denied the opportunity to have his claims heard in one forum. It is well established that when determining whether to grant leave to amend "[a]ny prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing amendment." (*Bell v. Allstate Life Ins. Co.* (8th Cir. 1998) 160 F.3d 452, 454).

As noted above, defendant BMW NA faces no prejudice if leave to amend is granted. On the other hand, Plaintiff will undoubtedly suffer significant injury if the amendment is not allowed. Plaintiff recently discovered and now seeks to amend to add a legitimate claim against GMG Motors, Inc. for damages suffered by GMG Motors, Inc.'s negligence. This new claim arises from the same transaction as the claim alleged against BMW NA. Plaintiff has a right to have all of his claims heard in the same forum. If this is not permitted, Plaintiff will be forced to litigate his actions in two different forums. This would be a significant waste of Plaintiff's resources, as well

as a burden on the court system. Finally, litigating the cases separately could result in inconsistent verdicts.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant this Motion for Leave to Amend the Complaint and that the [Proposed] First Amended Complaint be deemed filed as of the date of the hearing on the Motion.

DATED: July 5, 2017

THE BARRY LAW FIRM
DAVID N. BARRY

By: _____
David N. Barry
For Plaintiff
GEORGE ADAMS

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of July, 2017, I electronically filed the foregoing documents with the Clerk of this Court, using the CM/ECF System. In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 6, 2017, at Los Angeles, California.

THE BARRY LAW FIRM

BY: /s/ David N. Barry
DAVID N. BARRY, ESQ.
Attorneys for Plaintiff
GEORGE ADAMS