DAVID N. BARRY, ESQ. (SBN 219230)
THE BARRY LAW FIRM
11835 W. Olympic Blvd., Suite 440
Los Angeles, CA 90064
Telephone: 310.684.5859
Facsimile: 310.862.4539

Attorneys for Plaintiff, GEORGE ADAMS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GEORGE ADAMS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC., a Delaware Limited Liability Company; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:17-cv-00068-MMA-KSC<br><br>(Removed from San Diego Superior Court – Case No. 37-2016-00042492-CU-BC-CTL)<br><br>**DECLARATION OF DAVID N. BARRY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>[Filed and served Concurrently with Plaintiff's Notice of Motion and Memorandum of Points Authorities; and [Proposed] Order]<br><br>**DATE:** August 14, 2017<br>**TIME:** 2:30 p.m.<br>**DEPT.:** 3D<br><br>*Assigned for all purposes to the Hon. Michael M. Anello*<br>*in Courtroom 3D* |

-1-
**DECLARATION OF DAVID N. BARRY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**DECLARATION OF DAVID N. BARRY**

I, David N. Barry, declare as follows:

1.    I am an attorney at law duly licensed and entitled to practice in the State of California and admitted to practice before this Court. I make this declaration in support of Plaintiff's Motion for Leave to File First Amended Complaint. I am a sole practitioner and the principal attorney at The Barry Law Firm, attorneys of record for Plaintiff George Adams. I am the attorney in my office responsible for handling this matter for the Plaintiff. In that capacity, I am personally familiar with the facts set forth herein and if called as a witness in this case, I could and would competently testify thereto.

2.    Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff's [Proposed] First Amended Complaint.

3.    Attached hereto as Exhibit 2 is a true and correct "redlined" copy of Plaintiff's [Proposed] First Amended Complaint with the additions to the complaint underlined in red.

4.    On June 28, 2017, I wrote to Defendant BMW of North America, LLC.'s ("BMW NA") counsel, Ian Schuler to meet and confer regarding the proposed First Amended Complaint. Attached hereto as Exhibit 3 is a true and correct copy of my June 28, 2017 correspondence to Mr. Schuler.

5.    On June 30, 2017, Mr. Schuler responded and indicated that BMW NA would not stipulate to allow Plaintiff to amend his complaint. Attached hereto as Exhibit 4 is a true and correct copy on Mr. Schuler's June 30, 2017 correspondence.

**Factual Background**

6.    This action arises out of the Plaintiff's purchase of a used 2014 BMW 328D (the "Vehicle") from authorized BMW NA dealer BMW of San Diego dealership in San Diego, California on November 20, 2015.

7.    On at three separate occasions, Plaintiff sought repairs for repeated issues with the Vehicle. Plaintiff complained of numerous problems including various electrical defects and malfunctioning exterior lights.

///

**Granting Leave to File First Amended Complaint is Proper**

8.    On or about December 5, 2016, Plaintiff filed this action in California Superior Court, County of San Diego, where it was assigned Case No. 37-2016-00042492-CU-BC-CTL ("State Case").

9.    The original Complaint alleged two causes of action against BMW NA for breach of the express and implied warranties under California's Song-Beverly Consumer Warranty Act, California Civil Code section 1790 *et seq.* ("Song-Beverly"). Song-Beverly provides relief to consumers when manufacturers and sellers of automobiles fail to conform the vehicles they have sold to express and implied warranties.

10.   On or around January 12, 2017, Defendant BMW NA removed this matter from State to Federal Court via a notice of removal.

11.   On January 12, 2017, Defendant BMW NA filed its Answer.

12.   I am a sole practitioner and during the course of my investigation, I discovered that Plaintiff has an additional claim against GMG Motors, Inc. for negligent repair. Upon my discovery, I met and contacted BMW NA's counsel to discuss the proposed amendment to the Complaint. Mr. Schuler advised that BMW NA would not stipulate. I prepared and filed this motion at my earliest opportunity

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of July 2017, at Los Angeles, California.

_____
David N. Barry

-3-
**DECLARATION OF DAVID N. BARRY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**EXHIBIT 1**

DAVID N. BARRY, ESQ. (SBN 219230)
THE BARRY LAW FIRM
11835 W. Olympic Blvd., Suite 440
Los Angeles, CA 90064
Telephone: 310.684.5859
Facsimile: 310.862.4539

Attorneys for Plaintiff, GEORGE ADAMS

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO – HALL OF JUSTICE**

| | |
|---|---|
| GEORGE ADAMS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company; GMG MOTORS, INC. d/b/a BMW OF SAN DIEGO; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br><br><br>*Assigned for all purposes to the Hon.*<br>*in Dept.* |

     1.   Breach of Implied Warranty of Merchantability under the Song-Beverly Warranty Act.

     2.   Breach of Express Warranty under the Song-Beverly Warranty Act.

     3.   Negligent Repair

JURY TRIAL DEMANDED.

PLAINTIFF GEORGE ADAMS, an individual, hereby alleges and complains as follows:

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1.      Plaintiff is an individual, residing in the County of San Diego, in the State of California.

2.      Defendant, BMW OF NORTH AMERICA, LLC (hereinafter referred to as "Manufacturer"), is a limited liability company doing business in the County of San Diego, State of California, and, at all times relevant herein, was/is engaged in the manufacture, sale, distribution, and/or importing of BMW motor vehicles and related equipment.

**3.**      Defendant, GMG MOTORS, INC. d/b/a BMW OF SAN DIEGO, is and was a California Corporation registered to do business in the State of California with its registered office in the city of San Diego, County of San Diego, State of California.

4.      The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants, Does 1 through 20, inclusive, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to set forth their true names and capacities when they have ascertained them.  Further, Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a "Doe" is responsible in some manner for the events and happenings herein referred to and caused injury and damage to Plaintiff as herein alleged.

5.      Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of their Co-Defendants. Plaintiff is informed and believes, and thereon alleges, that in doing the things hereinafter alleged Defendants, and each of them, were acting in the course and scope of their employment as such agents, servants, and/or employees, and with the permission, consent, knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

6.      On or about October 1, 2013, defendants Manufacturer and Does 1 through 20 inclusive, manufactured and/or distributed into the stream of commerce a new 2014 BMW 328D, VIN WBA3D3C58EK155334 (hereinafter referred to as the "Vehicle") for its eventual sale/lease in the State of California.

7.     On or about November 20, 2015, Plaintiff purchased, for personal, family, and/or household purposes, the subject Vehicle from BMW of San Diego, located in San Diego, California, for a total consideration over the term of the installment contract of 34,474.00.   At the time of purchase, there were 20,325 miles on the vehicle.   The purchase agreement is in the possession of Defendants.

8.     The subject Vehicle was/is a "new motor vehicle" under the Song-Beverly Warranty Act.

9.     Along with the purchase of the Vehicle, Plaintiff received written warranties and other express and implied warranties including, but not limited to, warranties from Manufacturer and Seller that the Vehicle and its components would be free from all defects in material and workmanship; that the Vehicle would pass without objection in the trade under the contract description; that the Vehicle would be fit for the ordinary purposes for which it was intended; that the Vehicle would conform to the promises and affirmations of fact made; that Defendants, and each of them, would perform any repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure that the Vehicle was free from any defects in material and workmanship; that Defendants, and each of them, would maintain the utility of the Vehicle for Four (4) years or 50,000 miles and would conform the Vehicle to the applicable express warranties.   This warranty is typically referred to as the "bumper to bumper" warranty.   (A copy of the written warranties is in the possession of the Defendants).

10.     Defendants and its authorized agents are well-versed, trained and aware of the requirements and parameters of the various BMW Warranties, as it governs the terms under which warranty repairs may be made, the amounts to be reimbursed to Defendant's agents for each repair, the time that may be spent performing a given warranty repair, what repairs are covered under the warranty, as well as the time and mileage requirements of each warranty.   In fact, it is more probable than not, that Defendant and its authorized agents have entire departments devoted solely to the administration of the BMW Warranty to ensure that its dealerships are paid in a timely fashion pursuant to the warranty terms and conditions.

///

-3-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

11.     Plaintiff has duly performed all the conditions on Plaintiff's part under the purchase agreement and under the express and implied warranties given to plaintiff, except insofar as the acts and/or omissions of the Defendants, and each of them, as alleged herein, prevented and/or excused such performance.

12.     Plaintiff has delivered the Vehicle to the Manufacturer's authorized service and repair facilities, agents and/or dealers, including Seller, on at least Three (3) separate occasions resulting in the Vehicle being out of service by reason of repair of nonconformities Repair Orders/Invoices are in the possession of Defendants, as Defendants maintain an online warranty database consisting of all repairs performed on a given vehicle, including the Subject Vehicle.

13.     By way of example, and not by way of limitation, the defects, malfunctions, misadjustments, and/or nonconformities with Plaintiff's Vehicle include the following: Plaintiff has submitted the subject Vehicle for defects and malfunctions, specifically for issues with the electrical system and malfunctioning exterior lights.

14.     Plaintiff's problems with the vehicle started with just 29,579 miles when the vehicle's "parking lamp malfunction" light illuminated and the parking light burned out.  This repair occurred well within Plaintiff's first year of ownership, thus establishing a breach of the implied warranty of merchantability.

15.     Each time Plaintiff delivered the nonconforming Vehicle to a Manufacturer-authorized service and repair facility, Plaintiff notified Defendants, and each of them, of the defects, malfunctions, misadjustments, and/or nonconformities existent with the Vehicle and demanded that Manufacturer or its representatives repair, adjust, and/or replace any necessary parts to conform the Vehicle to the applicable warranties.

///

///

///

///

///

///

-4-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

16.   On every occasion, Plaintiff delivered the nonconforming Vehicle to a Manufacturer-authorized service and repair facility, Defendants, and each of them, represented to Plaintiff that they could and would conform the Vehicle to the applicable warranties, that in fact they did conform the Vehicle to said warranties, and that all the defects, malfunctions, misadjustments, and/or nonconformities have been repaired; however, Manufacturer or its representatives failed to conform the Vehicle to the applicable warranties because said defects, malfunctions, misadjustments, and/or nonconformities continue to exist even after a reasonable number of attempts to repair was given.

17.   The amount in controversy exceeds TWENTY FIVE THOUSAND DOLLARS ($25,000.00), exclusive of interest and costs, for which Plaintiff seeks judgment against Defendants, together with equitable relief.  In addition, Plaintiff seeks damages from Defendants, and each of them, for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**FIRST AMENDED COMPLAINT FOR DAMAGES**

# FIRST CAUSE OF ACTION

## Breach of Implied Warranty of Merchantability under Song-Beverly Warranty Act

### Against all Defendants

18.     Plaintiff realleges each and every paragraph (1-17) and incorporates them by this reference as though fully set forth herein.

19.     The distribution and sale of the Vehicle was accompanied by the Manufacturer implied warranty that the Vehicle was merchantable.

20.     Furthermore, Defendants, and each of them, impliedly warranted, inter alia, that the Vehicle would pass without objection in the trade under the contract description; that the Vehicle was fit for the ordinary purposes for which it was intended; that the Vehicle was adequately assembled; and/or that the Vehicle conformed to the promises or affirmations of fact made to Plaintiff.

21.     As evidenced by the defects, malfunctions, misadjustments, and/or nonconformities alleged herein, the Vehicle was not merchantable because it did not have the quality that a buyer would reasonably expect, because it could not pass without objection in the trade under the contract description; because it was not fit for the ordinary purposes for which it was intended; because it was not adequately assembled; and/or because it did not or could not be conformed to the promises or affirmations of fact made to Plaintiff.

22.     Upon discovery of the Vehicle's nonconformities, Plaintiff took reasonable steps to notify Defendants, and each of them, within a reasonable time that the Vehicle did not have the quality that a buyer would reasonably expect and, further, justifiably revoked acceptance of the nonconforming Vehicle.

23.     Plaintiff hereby gives written notice and justifiably revokes acceptance of the nonconforming Vehicle under the Commercial Code sections 2607 and 2608. Plaintiff further demands that the Manufacturer cancel the sale, take back the nonconforming Vehicle, refund all the money expended, pay the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted, and/or pay damages under the Commercial Code sections 2711, 2714, and 2715. Defendants, and each of them, have, however, refused to

1 | comply.

2 |     24.    Plaintiff hereby gives written notice and makes demand upon Manufacturer for

3 | replacement or restitution, pursuant to Song-Beverly. Defendants, and each of them, knew of their

4 | obligations under Song-Beverly; however, despite Plaintiff's demand, Defendants and each of

5 | them, have intentionally failed and refused to make restitution or replacement pursuant to Song-

6 | Beverly.

7 |     25.    As a result of the acts and/or omissions of the Defendants, and each of them, Plaintiff

8 | has sustained damage in the amount actually paid or payable under the contract, plus prejudgment

9 | interest thereon at the legal rate. Plaintiff will seek leave to amend this Complaint to set forth the

10 | exact amount thereof when that amount is ascertained.

11 |     26.    As a further result of the actions of Defendants, and each of them, Plaintiff has

12 | sustained incidental and consequential damages in an amount yet to be determined, plus interest

13 | thereon at the legal rate. Plaintiff will seek leave to amend this Complaint to set forth the exact

14 | amount of incidental damages when that amount is ascertained.

15 |     27.    As a further result of the actions of Defendants, and each of them, Plaintiff has

16 | sustained damages equal to the difference between the value of the Vehicle as accepted and the

17 | value the Vehicle would have had if it had been as warranted.

18 |     28.    As a direct result of the acts and/or omissions of Defendants, and each of them, and

19 | in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to

20 | Song-Beverly, Plaintiff, in addition to his other remedies, is entitled to the recovery of his

21 | attorneys' fees based upon actual time expended and reasonably incurred, in connection with the

22 | commencement and prosecution of this action.

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

## SECOND CAUSE OF ACTION

### Breach of Express Warranty under Song-Beverly Warranty Act

### Against all Defendants

29.     Plaintiff realleges each and every paragraph (1-29) and incorporates them by this reference as though fully set forth herein.

30.     The Vehicle had defects, malfunctions, misadjustments, and/or nonconformities covered by the warranty that substantially impaired its value, use, or safety to Plaintiff.

31.     Plaintiff delivered the Vehicle to Manufacturer or its authorized repair facilities for repair.

32.     Defendants, and each of them, failed to service or repair the Vehicle to match the written warranty after a reasonable number of opportunities to do so.

33.     The acts and/or omissions of Defendants, and each of them, in failing to perform the proper repairs, part replacements, and/or adjustments, to conform the Vehicle to the applicable express warranties constitute a breach of the express warranties that the Manufacturer provided to Plaintiff, thereby breaching Defendants' obligations under Song-Beverly.

34.     Defendants, and each of them, failed to perform the necessary repairs and/or service in good and workmanlike manner. The actions taken by Defendants, and each of them, were insufficient to make the Subject Vehicle conform to the express warranties and/or proper operational characteristics of like Vehicles, all in violation of Defendants' obligations under Song-Beverly.

35.     Plaintiff hereby gives written notice and makes demand upon Manufacturer for replacement or restitution, pursuant to Song-Beverly. Defendants and each of them, knowing their obligations under Song-Beverly, and despite Plaintiff's demand, failed and refused to make restitution or replacement according to the mandates of Song-Beverly. The failure of Defendants, and each of them, to refund the price paid and payable or to replace the Vehicle was intentional and justifies an award of a Civil Penalty in an amount not to exceed two times Plaintiff's actual damages.

36.     As a result of the acts and/or omissions of Defendants, and each of them, and

-8-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

1   pursuant to the provisions of the Song-Beverly, Plaintiff is entitled to replacement of the Vehicle or
2   restitution of the amount actually paid or payable under the contract, at Plaintiff's election, plus
3   prejudgment interest thereon at the legal rate. Plaintiff will seek leave of Court to amend this
4   Complaint to set forth the exact amount of restitution and interest, upon election, when that amount
5   has been ascertained.

6        37.    Additionally, as a result of the acts and/or omissions of Defendants, and each of
7   them, and pursuant to Song-Beverly, Plaintiff has sustained and is entitled to consequential and
8   incidental damages in amounts yet to be determined, plus interest thereon at the legal rate. Plaintiff
9   will seek leave of the court to amend this complaint to set forth the exact amount of consequential
10   and/or incidental damages, when those amounts have been ascertained.

11        38.    As a direct result of the acts and/or omissions of Defendants, and each of them, and
12   in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to
13   Song-Beverly, Plaintiff, in addition to other remedies, is entitled to the recovery of his attorneys'
14   fees based upon actual time expended and reasonably incurred, in connection with the
15   commencement and prosecution of this action.

16   ///
17   ///
18   ///
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

## THIRD CAUSE OF ACTION

### Negligent Repair

### Against GMG MOTORS, INC. dba BMW OF SAN DIEGO only

39.     Plaintiff realleges each and every paragraph (1-38) and incorporates them by this reference as though fully set forth herein.

40.     Plaintiffs delivered the Subject Vehicle to Defendant GMG MOTORS, INC. dba BMW OF SAN DIEGO for repair on numerous occasions.

41.     Defendant GMG MOTORS, INC. dba BMW OF SAN DIEGO owed a duty to Plaintiff to use ordinary care and skill in storage, preparation and repair of the Subject Vehicle in accordance with industry standards.

42.     Defendant GMG MOTORS, INC. dba BMW OF SAN DIEGO breached its duty to plaintiff to use ordinary care and skill by failing to properly store, prepare, and repair the Subject Vehicle in accordance with industry standards.

43.     Plaintiff sustained damages due to Defendant GMG MOTORS, INC. dba BMW OF SAN DIEGO's failure to properly store, prepare and repair the Subject Vehicle in accordance with industry standards.

44.     Defendant GMG MOTORS, INC. dba BMW OF SAN DIEGO's negligent breach of its duties owed to Plaintiff was a proximate cause of plaintiffs' damages.

///
///
///
///
///
///
///
///
///
///

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

   A. For replacement or restitution, at Plaintiff's election, according to proof;

   B. For incidental damages, according to proof;

   C. For consequential damages, according to proof;

   D. For a civil penalty as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages;

   E. For actual attorney's fees, reasonably incurred;

   F. For costs of suit and expenses, according to proof;

   G. For the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted;

   H. For remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code;

   I.  For pre-judgment interest at the legal rate;

   J.  Such other relief the Court deems appropriate.

   K. FOR INJUNCTIVE AND DECLARATORY RELIEF AS SET FORTH IN THIS COMPLAINT

Date:   July 5, 2017                           THE BARRY LAW FIRM

                                               By: _____
                                                   DAVID N. BARRY, ESQ.
                                                   Attorneys for Plaintiff,
                                                   GEORGE ADAMS

-11-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

**EXHIBIT 2**

DAVID N. BARRY, ESQ. (SBN 219230)
THE BARRY LAW FIRM
11835 W. Olympic Blvd., Suite 440
Los Angeles, CA 90064
Telephone: 310.684.5859
Facsimile: 310.862.4539

Attorneys for Plaintiff, GEORGE ADAMS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO – HALL OF JUSTICE

| | |
|---|---|
| GEORGE ADAMS, an individual, | Case No. |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| v. | |
| BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company; GMG MOTORS, INC. d/b/a BMW OF SAN DIEGO; and DOES 1 through 20, inclusive, | *Assigned for all purposes to the Hon. in Dept.* |
| Defendants. | |

1.   Breach of Implied Warranty of Merchantability under the Song-Beverly Warranty Act.

2.   Breach of Express Warranty under the Song-Beverly Warranty Act.

3.   Negligent Repair

JURY TRIAL DEMANDED.

-1-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

1       PLAINTIFF GEORGE ADAMS, an individual, hereby alleges and complains as follows:

2       **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

3       1.    Plaintiff is an individual, residing in the County of San Diego, in the State of
4 California.

5       2.    Defendant, BMW OF NORTH AMERICA, LLC (hereinafter referred to as
6 "Manufacturer"), is a limited liability company doing business in the County of San Diego, State of
7 California, and, at all times relevant herein, was/is engaged in the manufacture, sale, distribution,
8 and/or importing of BMW motor vehicles and related equipment.

9       **3.**    Defendant, GMG MOTORS, INC. d/b/a BMW OF SAN DIEGO, is and was a
10 California Corporation registered to do business in the State of California with its registered office
11 in the city of San Diego, County of San Diego, State of California.

12       4.    The true names and capacities, whether individual, corporate, associate, or otherwise,
13 of the Defendants, Does 1 through 20, inclusive, are unknown to Plaintiff who therefore sues these
14 Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to set forth
15 their true names and capacities when they have ascertained them.  Further, Plaintiff is informed and
16 believes, and thereon alleges, that each of the Defendants designated herein as a "Doe" is
17 responsible in some manner for the events and happenings herein referred to and caused injury and
18 damage to Plaintiff as herein alleged.

19       5.    Plaintiff is informed and believes, and thereon alleges, that at all times herein
20 mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of
21 their Co-Defendants. Plaintiff is informed and believes, and thereon alleges, that in doing the
22 things hereinafter alleged Defendants, and each of them, were acting in the course and scope of
23 their employment as such agents, servants, and/or employees, and with the permission, consent,
24 knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

25       6.    On or about October 1, 2013, defendants Manufacturer and Does 1 through 20
26 inclusive, manufactured and/or distributed into the stream of commerce a new 2014 BMW 328D,
27 VIN WBA3D3C58EK155334 (hereinafter referred to as the "Vehicle") for its eventual sale/lease
28 in the State of California.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

7.     On or about November 20, 2015, Plaintiff purchased, for personal, family, and/or household purposes, the subject Vehicle from BMW of San Diego, located in San Diego, California, for a total consideration over the term of the installment contract of 34,474.00.  At the time of purchase, there were 20,325 miles on the vehicle.   The purchase agreement is in the possession of Defendants.

8.     The subject Vehicle was/is a "new motor vehicle" under the Song-Beverly Warranty Act.

9.     Along with the purchase of the Vehicle, Plaintiff received written warranties and other express and implied warranties including, but not limited to, warranties from Manufacturer and Seller that the Vehicle and its components would be free from all defects in material and workmanship; that the Vehicle would pass without objection in the trade under the contract description; that the Vehicle would be fit for the ordinary purposes for which it was intended; that the Vehicle would conform to the promises and affirmations of fact made; that Defendants, and each of them, would perform any repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure that the Vehicle was free from any defects in material and workmanship; that Defendants, and each of them, would maintain the utility of the Vehicle for Four (4) years or 50,000 miles and would conform the Vehicle to the applicable express warranties.  This warranty is typically referred to as the "bumper to bumper" warranty. (A copy of the written warranties is in the possession of the Defendants).

10.     Defendants and its authorized agents are well-versed, trained and aware of the requirements and parameters of the various BMW Warranties, as it governs the terms under which warranty repairs may be made, the amounts to be reimbursed to Defendant's agents for each repair, the time that may be spent performing a given warranty repair, what repairs are covered under the warranty, as well as the time and mileage requirements of each warranty.   In fact, it is more probable than not, that Defendant and its authorized agents have entire departments devoted solely to the administration of the BMW Warranty to ensure that its dealerships are paid in a timely fashion pursuant to the warranty terms and conditions.

///

**FIRST AMENDED COMPLAINT FOR DAMAGES**

11.     Plaintiff has duly performed all the conditions on Plaintiff's part under the purchase agreement and under the express and implied warranties given to plaintiff, except insofar as the acts and/or omissions of the Defendants, and each of them, as alleged herein, prevented and/or excused such performance.

12.     Plaintiff has delivered the Vehicle to the Manufacturer's authorized service and repair facilities, agents and/or dealers, including Seller, on at least Three (3) separate occasions resulting in the Vehicle being out of service by reason of repair of nonconformities Repair Orders/Invoices are in the possession of Defendants, as Defendants maintain an online warranty database consisting of all repairs performed on a given vehicle, including the Subject Vehicle.

13.     By way of example, and not by way of limitation, the defects, malfunctions, misadjustments, and/or nonconformities with Plaintiff's Vehicle include the following: Plaintiff has submitted the subject Vehicle for defects and malfunctions, specifically for issues with the electrical system and malfunctioning exterior lights.

14.     Plaintiff's problems with the vehicle started with just 29,579 miles when the vehicle's "parking lamp malfunction" light illuminated and the parking light burned out.  This repair occurred well within Plaintiff's first year of ownership, thus establishing a breach of the implied warranty of merchantability.

15.     Each time Plaintiff delivered the nonconforming Vehicle to a Manufacturer-authorized service and repair facility, Plaintiff notified Defendants, and each of them, of the defects, malfunctions, misadjustments, and/or nonconformities existent with the Vehicle and demanded that Manufacturer or its representatives repair, adjust, and/or replace any necessary parts to conform the Vehicle to the applicable warranties.

///
///
///
///
///
///

**FIRST AMENDED COMPLAINT FOR DAMAGES**

16.     On every occasion, Plaintiff delivered the nonconforming Vehicle to a Manufacturer-authorized service and repair facility, Defendants, and each of them, represented to Plaintiff that they could and would conform the Vehicle to the applicable warranties, that in fact they did conform the Vehicle to said warranties, and that all the defects, malfunctions, misadjustments, and/or nonconformities have been repaired; however, Manufacturer or its representatives failed to conform the Vehicle to the applicable warranties because said defects, malfunctions, misadjustments, and/or nonconformities continue to exist even after a reasonable number of attempts to repair was given.

17.     The amount in controversy exceeds TWENTY FIVE THOUSAND DOLLARS ($25,000.00), exclusive of interest and costs, for which Plaintiff seeks judgment against Defendants, together with equitable relief.  In addition, Plaintiff seeks damages from Defendants, and each of them, for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## **FIRST CAUSE OF ACTION**

### **Breach of Implied Warranty of Merchantability under Song-Beverly Warranty Act**

### **Against all Defendants**

18.     Plaintiff realleges each and every paragraph (1-17) and incorporates them by this reference as though fully set forth herein.

19.     The distribution and sale of the Vehicle was accompanied by the Manufacturer implied warranty that the Vehicle was merchantable.

20.     Furthermore, Defendants, and each of them, impliedly warranted, inter alia, that the Vehicle would pass without objection in the trade under the contract description; that the Vehicle was fit for the ordinary purposes for which it was intended; that the Vehicle was adequately assembled; and/or that the Vehicle conformed to the promises or affirmations of fact made to Plaintiff.

21.     As evidenced by the defects, malfunctions, misadjustments, and/or nonconformities alleged herein, the Vehicle was not merchantable because it did not have the quality that a buyer would reasonably expect, because it could not pass without objection in the trade under the contract description; because it was not fit for the ordinary purposes for which it was intended; because it was not adequately assembled; and/or because it did not or could not be conformed to the promises or affirmations of fact made to Plaintiff.

22.     Upon discovery of the Vehicle's nonconformities, Plaintiff took reasonable steps to notify Defendants, and each of them, within a reasonable time that the Vehicle did not have the quality that a buyer would reasonably expect and, further, justifiably revoked acceptance of the nonconforming Vehicle.

23.     Plaintiff hereby gives written notice and justifiably revokes acceptance of the nonconforming Vehicle under the Commercial Code sections 2607 and 2608. Plaintiff further demands that the Manufacturer cancel the sale, take back the nonconforming Vehicle, refund all the money expended, pay the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted, and/or pay damages under the Commercial Code sections 2711, 2714, and 2715. Defendants, and each of them, have, however, refused to

**FIRST AMENDED COMPLAINT FOR DAMAGES**

comply.

24.    Plaintiff hereby gives written notice and makes demand upon Manufacturer for replacement or restitution, pursuant to Song-Beverly.  Defendants, and each of them, knew of their obligations under Song-Beverly; however, despite Plaintiff's demand, Defendants and each of them, have intentionally failed and refused to make restitution or replacement pursuant to Song-Beverly.

25.    As a result of the acts and/or omissions of the Defendants, and each of them, Plaintiff has sustained damage in the amount actually paid or payable under the contract, plus prejudgment interest thereon at the legal rate.  Plaintiff will seek leave to amend this Complaint to set forth the exact amount thereof when that amount is ascertained.

26.    As a further result of the actions of Defendants, and each of them, Plaintiff has sustained incidental and consequential damages in an amount yet to be determined, plus interest thereon at the legal rate.  Plaintiff will seek leave to amend this Complaint to set forth the exact amount of incidental damages when that amount is ascertained.

27.    As a further result of the actions of Defendants, and each of them, Plaintiff has sustained damages equal to the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted.

28.    As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to Song-Beverly, Plaintiff, in addition to his other remedies, is entitled to the recovery of his attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

///
///
///
///
///
///

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**SECOND CAUSE OF ACTION**

**Breach of Express Warranty under Song-Beverly Warranty Act**

**Against all Defendants**

29.     Plaintiff realleges each and every paragraph (1-29) and incorporates them by this reference as though fully set forth herein.

30.     The Vehicle had defects, malfunctions, misadjustments, and/or nonconformities covered by the warranty that substantially impaired its value, use, or safety to Plaintiff.

31.     Plaintiff delivered the Vehicle to Manufacturer or its authorized repair facilities for repair.

32.     Defendants, and each of them, failed to service or repair the Vehicle to match the written warranty after a reasonable number of opportunities to do so.

33.     The acts and/or omissions of Defendants, and each of them, in failing to perform the proper repairs, part replacements, and/or adjustments, to conform the Vehicle to the applicable express warranties constitute a breach of the express warranties that the Manufacturer provided to Plaintiff, thereby breaching Defendants' obligations under Song-Beverly.

34.     Defendants, and each of them, failed to perform the necessary repairs and/or service in good and workmanlike manner. The actions taken by Defendants, and each of them, were insufficient to make the Subject Vehicle conform to the express warranties and/or proper operational characteristics of like Vehicles, all in violation of Defendants' obligations under Song-Beverly.

35.     Plaintiff hereby gives written notice and makes demand upon Manufacturer for replacement or restitution, pursuant to Song-Beverly.  Defendants and each of them, knowing their obligations under Song-Beverly, and despite Plaintiff's demand, failed and refused to make restitution or replacement according to the mandates of Song-Beverly.   The failure of Defendants, and each of them, to refund the price paid and payable or to replace the Vehicle was intentional and justifies an award of a Civil Penalty in an amount not to exceed two times Plaintiff's actual damages.

36.     As a result of the acts and/or omissions of Defendants, and each of them, and

-8-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

pursuant to the provisions of the Song-Beverly, Plaintiff is entitled to replacement of the Vehicle or restitution of the amount actually paid or payable under the contract, at Plaintiff's election, plus prejudgment interest thereon at the legal rate. Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount of restitution and interest, upon election, when that amount has been ascertained.

37.    Additionally, as a result of the acts and/or omissions of Defendants, and each of them, and pursuant to Song-Beverly, Plaintiff has sustained and is entitled to consequential and incidental damages in amounts yet to be determined, plus interest thereon at the legal rate. Plaintiff will seek leave of the court to amend this complaint to set forth the exact amount of consequential and/or incidental damages, when those amounts have been ascertained.

38.    As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to Song-Beverly, Plaintiff, in addition to other remedies, is entitled to the recovery of his attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

///
///
///
///
///
///
///
///
///
///
///
///
///

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## THIRD CAUSE OF ACTION

### Negligent Repair

### Against GMG MOTORS, INC. dba BMW OF SAN DIEGO only

39.     Plaintiff realleges each and every paragraph (1-38) and incorporates them by this reference as though fully set forth herein.

40.     Plaintiffs delivered the Subject Vehicle to Defendant GMG MOTORS, INC. dba BMW OF SAN DIEGO for repair on numerous occasions.

41.     Defendant GMG MOTORS, INC. dba BMW OF SAN DIEGO owed a duty to Plaintiff to use ordinary care and skill in storage, preparation and repair of the Subject Vehicle in accordance with industry standards.

42.     Defendant GMG MOTORS, INC. dba BMW OF SAN DIEGO breached its duty to plaintiff to use ordinary care and skill by failing to properly store, prepare, and repair the Subject Vehicle in accordance with industry standards.

43.     Plaintiff sustained damages due to Defendant GMG MOTORS, INC. dba BMW OF SAN DIEGO's failure to properly store, prepare and repair the Subject Vehicle in accordance with industry standards.

44.     Defendant GMG MOTORS, INC. dba BMW OF SAN DIEGO's negligent breach of its duties owed to Plaintiff was a proximate cause of plaintiffs' damages.

///
///
///
///
///
///
///
///
///
///

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

A. For replacement or restitution, at Plaintiff's election, according to proof;

B. For incidental damages, according to proof;

C. For consequential damages, according to proof;

D. For a civil penalty as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages;

E. For actual attorney's fees, reasonably incurred;

F. For costs of suit and expenses, according to proof;

G. For the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted;

H. For remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code;

I.  For pre-judgment interest at the legal rate;

J.  Such other relief the Court deems appropriate.

K. FOR INJUNCTIVE AND DECLARATORY RELIEF AS SET FORTH IN THIS COMPLAINT

Date:   July 5, 2017                                     THE BARRY LAW FIRM

By: _____

DAVID N. BARRY, ESQ.
Attorneys for Plaintiff,
GEORGE ADAMS

-11-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

**EXHIBIT 3**

THE
BARRY
LAW
FIRM

Main Office

11835 W. Olympic Boulevard
Suite 440
Los Angeles, California 90064

Telephone (310) 684-5859 ◆ Facsimile (310) 862-4539

June 28, 2017

**VIA U.S. MAIL AND EMAIL@ ian.schuler@bowmanandbrooke.com**

Ian G. Schuler, Esq.
Bowman and Brooke LLP
970 West 190th Street, Suite 700
Torrance, CA 90502

   Re: *George Adams v. BMW of North America, LLC*

Dear Mr. Schuler:

   The purpose of this letter is to inquire as to whether you are amenable to stipulate to allow Plaintiff to file a first amended complaint to add BMW of San Diego as a defendant and negligent repair as an additional cause of action against BMW of San Diego.

   As you know, Plaintiff purchased his vehicle from BMW of San Diego. Furthermore, the repairs to Plaintiff's vehicle were performed at BMW of San Diego. The dealership has been unable to repair Plaintiff's vehicle, and therefore it is Plaintiff's position that the repairs to his vehicle were performed in a negligent manner. As such, Plaintiff seeks to amend his complaint to add BMW of San Diego as a defendant and an additional cause of action for negligent repair against BMW of San Diego. Attached to this letter is a copy of Plaintiff's First Amended Complaint.

   Please advise if you are amenable to such a stipulation allowing Plaintiff to amend his complaint. If so, I will prepare the stipulation for your review.

   Thank you for your courtesy and cooperation in this matter. As always, please do not hesitate to contact the undersigned should you have any questions.

   Very Truly Yours,

   THE BARRY LAW FIRM

   David N. Barry, Esq.

DB:jt
Enclosure

**EXHIBIT 4**



## Bowman and Brooke LLP

### Attorneys at Law

750 B Street, Suite 1740
San Diego, CA 92101
Phone: 619.376.2500
Fax: 619.376.2501

Ian G. Schuler
Direct: 1.619.376.2515
Email: ian.schuler@bowmanandbrooke.com

**VIA E-MAIL & U.S. MAIL**

June 30, 2017

David N. Barry, Esq.
THE BARRY LAW FIRM
11835 West Olympic Boulevard, Suite 440
Los Angeles, CA 90064

Re:   George Adams v. BMW North America, LLC
      Southern District of California Case No.: 3:37-cv-00068-MMA-KSC

Dear Mr. Barry:

I received your letter dated June 28, 2017 inquiring whether BMW of North America, LLC would stipulate to allow plaintiff to file a first amended complaint to name BMW of San Diego as a defendant and to add a claim against the dealership for negligent repair. BMW of North America, LLC <u>will not</u> stipulate to allow plaintiff to file a first amended complaint.

Please let me know if you have any questions.

Sincerely,

BOWMAN AND BROOKE LLP

Ian G. Schuler

IGS/igs

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of July, 2017, I electronically filed the foregoing documents with the Clerk of this Court, using the CM/ECF System. In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 6, 2017, at Los Angeles, California.


THE BARRY LAW FIRM


BY: _____
DAVID N. BARRY, ESQ.
Attorneys for Plaintiff
GEORGE ADAMS