1  DAVID N. BARRY, ESQ. (SBN 219230)
   THE BARRY LAW FIRM
2  11835 W. Olympic Blvd., Suite 440
   Los Angeles, CA 90064
3  Telephone: 310.684.5859
   Facsimile: 310.862.4539
4
5  Attorneys for Plaintiff, GEORGE ADAMS
6
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA

10 | GEORGE ADAMS, an individual, | Case No. 3:17-cv-00068-MMA-KSC
11 |                              | (Removed from San Diego Superior Court –
12 |         Plaintiff,           | Case No. 37-2016-00042492-CU-BC-CTL)
13 |   v.                         | **PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA AND AWARD OF COSTS AND EXPENSES RESULTING FROM REMOVAL**
14 |
15 | BMW OF NORTH AMERICA, LLC., a
16 | Delaware Limited Liability Company; and
17 | DOES 1 through 20, inclusive, | DATE: August 14, 2017
   |                              | TIME: 2:30 p.m.
18 |         Defendants.          | DEPT.: 3D
19 |                              | *Assigned for all purposes to the Hon. Michael M. Anello*
20 |                              | *in Courtroom 3D*

Plaintiff GEORGE ADAMS ("Plaintiff") hereby files his Reply to Defendant BMW OF NORTH AMERICA, LLC's ("Defendant" or "BMW NA") Opposition to Plaintiff's Motion for Remand to Superior Court of California.

///

///

///

-1-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant's Opposition to Plaintiff's Motion for Remand fails to establish that remand is improper. In fact, the Opposition supports Plaintiff's contention that this matter should be remanded to California Superior Court.

## II. BMW NA FAILS TO ESTABLISH DIVERSITY JURISDICTION

### A. Plaintiff Seeks to Add a New Cause of Action Against a New Party that Destroys Diversity

In its Opposition, Defendant argues that diversity jurisdiction exists because Plaintiff is a citizen of California and BMW NA is a limited liability company formed under the laws of Delaware with its principal place of business in New Jersey. It claims that it has a single member located in the United Kingdom. Based on these circumstances, Defendant alleges that diversity jurisdiction is appropriate.

Defendant acknowledges that Plaintiff is seeking to amend his Complaint to add a cause of action against GMG Motors, Inc. dba BMW of San Diego ("BMW of San Diego"), but Defendant believes that Plaintiff's motion to amend his complaint will be denied. However, Plaintiff has a valid claim against BMW of San Diego, because it is the dealership which negligently serviced the subject vehicle and made multiple misrepresentations to Plaintiff regarding those repairs. As detailed in Plaintiff's Motion, BMW of San Diego is a citizen of California – a fact which Defendant does not dispute. With BMW of San Diego in the action, there would be no diversity jurisdiction.

### B. Defendant Fails to Meet Its Burden that the $75,000.00 Amount in Controversy Has Been Met

Federal courts are courts of limited jurisdiction. *Greer v. Lockheed Martin*, No. 10-cv-01704-JF, 3168408, at *7. Any moving party asserting diversity jurisdiction bears the burden of showing that diversity exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). When an action has been removed from state court to federal court under 28 U.S.C. § 1441, there is an equally "strong presumption" against removal jurisdiction, unless the defendant can establish that removal was proper. *Gaus v. Miles*, 980 F.2d

564, 566 (9th Cir. 1992). Any such doubt as to removability must be resolved in favor of remand. *Id.*

Defendant has failed to meet its burden in establishing that the amount in controversy exceeds $75,000.00. According to the purchase agreement the total sale price of the subject vehicle is $34,474.00. Defendant claims that Plaintiff's actual damages, civil penalties, attorney's fees and costs, incidental damages, and consequential damages shows that the amount in controversy exceeds $75,000.00 *See* Defendant's Opposition at p. 4, lns. 7-12. However, simply providing a list of items that may add up to more than $75,000.00 is insufficient for Defendant in meeting its burden.

### III. DEFENDANT FAILS TO REFUTE THAT STATE COURT IS A MORE APPROPRIATE VENUE FOR PLAINTIFF'S STATE LAW CLAIMS

As set forth in Plaintiff's Motion, the causes of action in this matter involve allegations of violations of various state statutes which are more appropriate for the state courts to handle. Plaintiff does not dispute that this Court is capable of applying state law in this case. However, as Plaintiff states in his Motion, this case involves state laws traditionally left to states for their own determination. Furthermore, Defendant does not dispute Plaintiff's assertion that State Court is a more appropriate venue for this case.

### IV. CONCLUSION

This case should be remanded to California Superior Court because there is no basis for federal subject matter jurisdiction and, therefore, this Court does not have jurisdiction to hear the state claims alleged herein.

DATED: August 7, 2017

THE BARRY LAW FIRM
DAVID N. BARRY

By: _____
David N. Barry
For Plaintiff
GEORGE ADAMS

-3-
PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA AND AWARD OF COSTS AND EXPENSES RESULTING FROM REMOVAL

# CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2017, I filed the foregoing document entitled **PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA AND AWARD OF COSTS AND EXPENSES RESULTING FROM REMOVAL** with the clerk of court using the CM/EMF system, which will send a notice of electronic filing to all counsel of record in this action.

Brian Takahashi, Esq.
Bowman & Brooke LLP
Torrance, CA 90502
brian.takahashi@bowmanandbrooke.com

Ian Schuler, Esq.
Bowman & Brooke LLP
San Diego, CA 92104
Ian.schuler@bowmanandbrooke.com

/s/ David N. Barry
Attorney for Plaintiff
E-mail: dbarry@mylemonrights.com