# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE ADAMS,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>BMW OF NORTH AMERICA, LLC,<br><br>　　　　　　　　　Defendant. | Case No.: 17CV0068-MMA (KSC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND;**<br><br>[Doc. No. 14]<br><br>**DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>[Doc. No. 15] |

On January 12, 2017, Defendant removed this action to this Court from the Superior Court of California, County of San Diego. Now, Plaintiff moves for leave to amend the pleadings, and moves to remand this case to state court. *See* Doc. Nos. 14, 15. The Court found the matters suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the following reasons, the Court **DENIES** Plaintiff's motion for leave to amend, and **DENIES** Plaintiff's motion to remand. *See* Doc. Nos. 14, 15.

## BACKGROUND

On December 5, 2016, Plaintiff George Adams filed this action against Defendant BMW of North America, LLC alleging causes of action for violation of California's Song-Beverly Consumer Warranty Act, California Commercial Code section 2313 *et seq*. *See* Doc. No. 1. Plaintiff served Defendant on December 16, 2016. Specifically,

Plaintiff's Complaint alleges causes of action for breach of the implied warranty of merchantability and breach of express warranty under the Act. Plaintiff's claims arise out of his purchase of a 2014 BMW Pathfinder vehicle ("the subject vehicle"), which Plaintiff alleges had "defects, malfunctions, misadjustments and/or nonconformities." *See* Compl., Doc. No. 1-2, ¶ 11.

After answering the Complaint on January 10, 2017, Defendant removed this action to this Court on January 12, 2017. In removing the action, Defendant invoked diversity jurisdiction pursuant to Title 28 of the United States Code, sections 1332(a) and 1441(a). *See* Doc. No. 1.

Since this case was removed, the Parties have participated in an Early Neutral Evaluation and a Case Management Conference with the assigned magistrate judge, and have submitted a joint discovery plan. Further, on June 9, 2017, the assigned magistrate judge issued the Scheduling Order regulating discovery and other pre-trial proceedings in this action. Among other things, the Scheduling Order dictates that any motion to join parties or amend the pleadings must be filed on or before July 7, 2017. On July 6, 2017, Plaintiff filed the instant motion to amend the pleadings and motion to remand. *See* Doc. Nos. 14, 15.

## **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). Federal courts possess only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Pursuant to Title 28 of the United States Code, section 1332(a)(1), a federal district court has jurisdiction over "all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). Title 28 of the United States Code, section 1441(a), provides for removal of a

civil action from state to federal court if the case could have originated in federal court. If a matter is removable solely on the basis of diversity jurisdiction pursuant to § 1332, the action may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2). If, after proper removal, subject matter jurisdiction is destroyed, a plaintiff may file a motion to remand or the court may raise the jurisdictional issue *sua sponte*. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Sabag v. FCA US, LLC*, No. 216CV06639CASRAOX, 2016 WL 6581154, at *7 (C.D. Cal. Nov. 7, 2016).

## DISCUSSION

Plaintiff moves for leave to amend the pleadings in order to add a non-diverse defendant. *See* Doc. No. 14. Plaintiff also moves to remand this action to state court on the grounds that joinder of the non-diverse defendant destroys the Court's jurisdiction over this action. *See* Doc. No. 15. Because both motions depend on the propriety of Plaintiff's request to add a diversity-destroying defendant, the Court begins by addressing Plaintiff's motion for leave to amend.

### A. Motion for Leave to Amend

Plaintiff seeks leave to amend in order to add as a defendant GMG Motors, Inc. d/b/a BMW of San Diego ("GMG Motors"). Plaintiff wishes to assert a state law claim of negligence against GMG Motors for allegedly negligent repair of the subject vehicle. Plaintiff argues that joinder of GMG Motors would be proper under Federal Rule of Civil Procedure 20, and that pursuant to Federal Rule of Civil Procedure 15, the Court should grant leave to amend with "extreme liberality." *See* Doc. No. 14.

However, as Defendant correctly points out, Rule 15 does not apply where a plaintiff seeks to add a non-diverse defendant, as is the case here.[1] District courts in

---

[1] It is undisputed that GMG Motors is a citizen of California for jurisdictional purposes. Plaintiff's motion to remand states that GMG Motors is a California corporation with its principal place of business in California. *See* 28 U.S.C. § 1332(c)(1) (stating "a corporation shall be deemed to be a citizen of any

California agree that where a party "seeks to join additional defendants whose joinder would destroy subject matter jurisdiction," courts must consider whether to exercise their discretion to allow joinder under 28 U.S.C. § 1447(e), rather than under the more liberal Rule 15(a) standard. *See, e.g.*, *San Jose Neurospine v. Cigna Health & Life Ins. Co.*, No. 16-CV-05061-LHK, 2016 WL 7242139, at *6–7 (N.D. Cal. Dec. 15, 2016); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087 (C.D. Cal. 1999). Specifically, section 1447(e) states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *See* 28 U.S.C. § 1447(e). District courts in California generally consider six factors in determining the "propriety and fairness" of permitting joinder:

> (1) [W]hether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendant[] in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*See, e.g.*, *Lara v. Bandit Indus., Inc.*, No. 2:12-CV-02459-MCE-AC, 2013 WL 1155523, at *1–2 (E.D. Cal. Mar. 19, 2013) (quoting *IBC Aviation Serv., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.,* 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000)); *Medina v. Oanda Corp.*, No. 5:16-CV-02170-EJD, 2017 WL 1159572, at *3 (N.D. Cal. Mar. 29, 2017). However, many courts only analyze the first five of the above factors. *See Clinco*, 41 F. Supp. 2d at 1082. Further, other courts have considered additional factors such as whether joinder will result in prejudice to any of the parties, "the

---

State by which it has been incorporated and of the State where it has its principal place of business"); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

closeness of the relationship between the new and the old parties," the effect that joinder would have on the district court's jurisdiction, and whether the new party had notice of the pendency of the instant action. *See Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015). Courts "look at the factors as a whole." *See IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1013. "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder." *Yang v. Swissport USA, Inc.,* No. C 09–03823 SI, 2010 WL 2680800, at *3 (N.D. Cal. July 6, 2010).

In Defendant's opposition brief, Defendant addresses all of the factors listed above. In Plaintiff's reply brief, he only addresses whether GMG Motors is needed for just adjudication, the timeliness of his motion, and the validity of his negligence claim. As such, the Court analyzes as many of the factors as possible, and as thoroughly as possible, based on the record and briefing before it.

      1.  *Whether GMG Motors is a Necessary Party*

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011 (citing Fed. R. Civ. P. 19(a)). However, "amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule] 19." *Id.* Where the non-diverse defendants are "only tangentially related to the cause of action or would not prevent complete relief," courts do not permit joinder. *Id.* at 1012. However, where failure to join those defendants would result in "separate and redundant actions," joinder is proper. *Id.* at 1011.

Here, Plaintiff does not argue that the Court cannot "accord complete relief among existing parties" if it does not allow joinder of GMG Motors. *See* Fed. R. Civ. P. 19(a)(1)(A). Plaintiff also does not argue that GMG Motors somehow "claims an interest relating to the subject of th[is] action" and that adjudicating the action without it would impede its ability to protect that interest or result in the risk of inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1)(B). Thus, there is no indication in the record that GMG

Motors constitutes an indispensable party under Rule 19.

Plaintiff argues that both his breach of warranty claims as well as his proffered negligence claim require a "determination of the nature, source and extent of the technical difficulties Plaintiff experienced with the Vehicle." *See* Doc. No. 14. That being said, Plaintiff's breach of express warranty claim is essentially a breach of contract claim, and Plaintiff's breach of the implied warranty of merchantability claim pertains to whether the car was fit for its intended purpose. *See Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 945 (C.D. Cal. 2012). Yet, Plaintiff does not argue that GMG Motors sold Plaintiff the vehicle or made any warranties regarding its fitness. Plaintiff's proffered claim for negligence depends only on whether GMG Motors acted negligently in attempting to repair the vehicle. While facts pertaining to repairs may be relevant in demonstrating that the subject vehicle was defective at the time of sale or that Defendant breached an express warranty, Plaintiff's proffered cause of action against GMG Motors is no more than tangentially related to Plaintiff's warranty causes of action.

Similarly, Plaintiff avers that "if it is determined that GMG Motors, Inc.'s negligence is the cause of some or all of Plaintiff's damages, it will have an impact on Plaintiff's claims against" Defendant as well as Defendant's defenses. Further, Plaintiff complains that he will be forced to pursue recovery in two different forums if he is not allowed to amend to add GMG Motors, which "could result in inconsistent verdicts." *See* Doc. No. 14. For the same reasons as stated above, the Court is unpersuaded that there is substantial overlap, legally or factually, between Plaintiff's warranty claims and Plaintiff's negligence claim, which is limited to GMG Motors' conduct in repairing the vehicle.

On the whole, the Court finds this factor weighs slightly against permitting joinder.

    2. *Whether a Separate Action Against GMG Motors Would be Time-Barred*

Plaintiff does not argue that the statute of limitations would prevent Plaintiff from commencing a separate action against GMG Motors in state court. *See Clinco,* 41 F.

Supp. 2d at 1083 (stating that because the plaintiff did not argue the claim would be time-barred, this "factor [did] not support amendment"). Thus, this factor is neutral.

### 3. Whether There Has Been Unexplained Delay

Regarding this factor, some courts have focused on whether plaintiffs adequately explain any delay in seeking amendment, whereas others have focused on the length of the delay, and many have considered both. *See, e.g.*, *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012 (considering only the length of the delay); *Yang*, 2010 WL 2680800, at *4 (relying mainly on the plaintiffs' "reasonable explanation for the delay in seeking to amend"); *Wolff-Bolton*, 2017 WL 2887857, at *5 (considering both). One district court has stated that, to evaluate timeliness, "courts must consider whether the 'moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" *See Murphy*, 74 F. Supp. 3d at 1284 (quoting *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990)). Based on the foregoing, the Court finds it prudent to consider both the length of the delay and whether Plaintiff adequately explains why he did not include a negligence claim against Defendant GMG Motors initially.

Plaintiff filed the instant motion for leave to amend nearly seven months after commencing this action. While Plaintiff complied with the applicable Scheduling Order deadline in filing the motion, "courts must do more than determine whether a motion was 'filed within the period of time allotted by the district court in a Rule 16 scheduling order'" to determine the motion's timeliness. *See Murphy*, 74 F. Supp. 3d at 1284 (quoting *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 953 (9th Cir. 2006)). Even under Rule 15, which "should be interpreted with 'extreme liberality,'" the Ninth Circuit has "held that held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable." *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (quoting *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981)); *AmerisourceBergen Corp.*, 465 F.3d at 953; *cf. IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012 (stating that the plaintiff acted in a timely fashion where it sought amendment around one month after removal and two months after the

filing of the complaint). Plaintiff contends he acted promptly in requesting leave to amend "[f]ollowing discovery of this new claim," but Plaintiff does not state when he discovered facts giving rise to the claim nor the timing of any events that led to his discovery. *See* Doc. No. 14. Accordingly, the Court cannot determine the amount of time that has elapsed since he obtained relevant facts giving rise to his proffered cause of action against GMG Motors.

Moreover, Plaintiff does not describe what information he purportedly learned during his investigations that prompted him to file the instant motion for leave to amend. Plaintiff states that his "investigations have led to the discovery of Plaintiff's proposed cause of action," but does not describe how. *See* Doc. No. 14. Plaintiff does not argue that he did not know the identity of GMG Motors or that it had performed repairs on the vehicle. Defendant avers that Plaintiff has been in possession of "all repair orders since before filing this lawsuit," and Plaintiff does not dispute that assertion. *See* Doc. Nos. 16, 18. Accordingly, Plaintiff, as the moving party, fails to demonstrate that he has discovered any new facts underlying his proffered negligence claim since the commencement of this action. *See San Jose Neurospine*, 2016 WL 7242139, at *11 (stating that where new factual allegations were not unknown to the plaintiff at the time the plaintiff filed the original complaint, one can "justifiably suspect . . . amendment . . . was caused by the removal rather than an evolution of" the plaintiff's case); *Jackson*, 902 F.2d at 1388 ("Although appellants argue that the evidence . . . [was] not 'fully flushed out' until [later], they cite no facts or theories gleaned from the additional discovery period to support this contention.").

For the foregoing reasons, the Court finds this factor weighs against permitting joinder.

        4.      *Whether Plaintiff Solely Intends to Defeat Federal Jurisdiction*

"The Ninth Circuit has instructed that, because 'motive in seeking joinder' is a relevant factor in determining whether amendment is appropriate, 'a trial court should look with particular care at such motive in removal cases, when the presence of a new

defendant will defeat the court's diversity jurisdiction." *See San Jose Neurospine*, 2016 WL 7242139, at *10 (quoting *Desert Empire Bank v. Ins. Co of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980)). However, courts refrain from "imput[ing] an improper motive to [the plaintiff] simply because [the plaintiff] seeks to add a non-diverse defendant post-removal." *See IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012. "Suspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *Id.* Thus, absent any indication that Plaintiff has an improper motive, the Court does not infer one based solely on Plaintiff's request for leave to add a diversity-destroying defendant.

"[I]n evaluating motive, courts have considered whether the plaintiff was 'aware of the removal'" and that "the basis for removal was diversity jurisdiction" at the time the plaintiff amended the pleadings to add a non-diverse defendant. *See San Jose Neurospine*, 2016 WL 7242139, at *10. Further, "courts have inferred an improper motive where the plaintiff's proposed amended complaint contains only minor or insignificant changes to the original complaint." *See San Jose Neurospine*, 2016 WL 7242139, at *10 (quoting *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, 2016 WL 3396925, at *4 (C.D. Cal. June 13, 2016)).

Here, Plaintiff argues he did not file his motion in bad faith, while Defendant argues Plaintiff's motion is obviously intended to defeat diversity jurisdiction. It is true that Plaintiff was aware of Defendant's removal based on diversity jurisdiction when Plaintiff filed his motion for leave to amend, and that Plaintiff's proposed amended complaint contains only minor alterations. Further, the Court notes that it is somewhat suspicious that Plaintiff is unable to describe what purported discoveries prompted this motion, as addressed above. However, the Court does not find these facts to be highly salient of an improper motive and thus, the Court finds this factor only weighs slightly against permitting joinder.

//
//

### 5. *Whether Plaintiff's Negligence Claim Appears Valid*

In considering this factor, courts "'need only determine whether the claim seems valid,' which is not the same as the standard in either a motion to dismiss or a motion for summary judgment." *See Meggs v. NBC Universal Media, LLC*, No. 217CV03769ODWRAOX, 2017 WL 2974916, at *8 (C.D. Cal. July 12, 2017) (quoting *Freeman v. Cardinal Health Pharm. Servs., LLC*, No. 14-cv-01994-JAM, 2015 WL 2006183, at *3 (E.D. Cal. 2015)). Plaintiff provides little in the way of factual support for his proposed negligence claim, except to say that Plaintiff took the subject vehicle to GMG Motors for repairs "on numerous occasions" and that GMG Motors "breached its duty to use ordinary care and skill by failing to properly store, prepare, and repair" the vehicle "in accordance with industry standards." *See* Doc. No. 14-1. Defendant argues the proposed amended complaint fails to state a claim for negligence, even taking the factual allegations as true. While Defendant may be correct, whether Plaintiff states a claim pursuant to federal pleading standards is a separate inquiry than whether Plaintiff's claim appears valid.

Second, Defendant argues the economic loss rule bars Plaintiff's claim because Plaintiff does not plead that GMG Motors caused any harm to his person or property, and Plaintiff had a contractual relationship with GMG Motors. The economic loss rule dictates that a plaintiff may not recover in tort "purely economic losses," meaning "damages that are solely monetary, as opposed to damages involving physical harm to person or property." *See UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1103 (C.D. Cal. 2015) (quoting *NuCal Foods, Inc. v. Quality Egg LLC*, 918 F. Supp. 2d 1023, 1028 (E.D. Cal. 2013)). The purpose of the economic loss rule is "to maintain a distinction between damage remedies for breach of contract and for tort." *Id.* In other words, the rule "bars tort claims based on contract breaches," such as where a plaintiff seeks relief for economic loss caused by what amounts to the "negligent performance of a contract." *Id.* Plaintiff does not respond to Defendant's argument regarding the economic loss rule. While Defendant might be correct, the record is

insufficient for the Court to determine whether the economic loss rule bars Plaintiff's proffered claim.

In sum, considering Plaintiff's bare factual allegations paired with the potential application of the economic loss rule, which Plaintiff does not address, the Court finds this factor neutral.

### 6. *Potential Prejudice*

Plaintiff argues he would be prejudiced if his motion to amend is denied because he will be "significantly injured" if he is not allowed to "have his claims heard in one forum." *See* Doc. No. 14. But, Plaintiff fails to describe how he would be "significantly injured" aside from the obvious inconveniences of litigating two cases. Also, as discussed above, Plaintiff does not adequately explain why he did not assert a claim for negligence against GMG Motors in his original Complaint nor why he waited nearly six months into litigation in federal court to request leave to amend. Further, the Ninth Circuit has upheld a district court's conclusion that a plaintiff did not suffer undue prejudice where the plaintiff could proceed separately against an absent party in state court. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Plaintiff does not argue that he could not proceed separately against GMG Motors in state court.

Also, although Plaintiff argues Defendant would not suffer any prejudice if joinder is allowed, joinder would expand this litigation as well as destroy this Court's jurisdiction and require remand. As mentioned, the Parties have already participated in an Early Neutral Evaluation and a Case Management Conference with the assigned magistrate judge, have submitted a joint discovery plan, and the assigned magistrate judge has issued the Scheduling Order regulating discovery and other pre-trial proceedings in this action. Pursuant to the Scheduling Order, fact discovery is to be completed within the next ten weeks. However, Plaintiff states that the parties have not yet taken any depositions, and Defendant has not yet inspected the subject vehicle. Accordingly, this case is relatively young.

On another note, Defendant argues that Plaintiff's contract with GMG Motors

includes an arbitration clause, and thus, Plaintiff will likely be forced to litigate in two forums regardless of whether the Court allows joinder. Plaintiff does not address Defendant's argument. While the Court does not accept Defendant's argument as true, particularly where it is based on evidence outside of the pleadings, the Court takes into account the risk that Plaintiff would be required to arbitrate claims against GMG Motors.

In considering the above, the Court finds this factor weighs slightly against permitting joinder, particularly because Plaintiff does not argue that he would be barred from litigating his negligence claim in state court nor describe in any detail why he would suffer prejudice if he did so.

*7. Other Factors*

Any remaining factors that the Court could consider—such as the relationship between GMG Motors and Defendant, whether GMG has notice of this action, and how joinder would affect the Court's jurisdiction—would require the Court to make premature factual determinations based on argument or would be redundant. Accordingly, the Court declines to do so.

*8. Summary*

In sum, the majority of factors weigh against permitting joinder. The Court finds it particularly salient that Plaintiff is unable to provide the Court with even one fact that he discovered after the commencement of this action which prompted him to request leave to amend the pleadings to add a negligence claim against GMG Motors. That, in combination with the fact that the parties had litigated this case for nearly six months in federal court prior to Plaintiff's request, counsels against permitting joinder.

Accordingly, the Court **DENIES** Plaintiff's motion for leave to amend to add a non-diverse defendant. *See* Doc. No. 14.

**B. Motion to Remand**

Because the Court does not allow joinder of GMG Motors, the Court retains jurisdiction over this action based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441. Thus, the Court **DENIES** Plaintiff's motion to remand. *See* Doc. No. 15.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for leave to amend and Plaintiff's motion to remand. *See* Doc. Nos. 14, 15.

**IT IS SO ORDERED**.

Dated: August 31, 2017

Hon. Michael M. Anello
United States District Judge