# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE ADAMS, <br><br> Plaintiff, <br><br> v. <br><br> BMW OF NORTH AMERICA, LLC, <br><br> Defendant. | Case No.: 17cv68-MMA (KSC) <br><br> **NOTICE AND ORDER PROVIDING TENTATIVE RULINGS RE: MOTIONS IN LIMINE** <br><br> [Doc. Nos. 48, 49] |

On August 6, 2018 at 2:30 p.m., the parties in this action will appear before the Court for a final pretrial conference and hearing on the parties' pending motions in limine. *See* Doc. Nos. 48, 49. In anticipation of the hearing, the Court issues the following tentative rulings on the pending motions:

### PLAINTIFF'S MOTIONS

1. The Court tentatively **DEFERS** ruling on Plaintiff's motion to exclude testimony that Plaintiff did not avail himself or participate in a third-party dispute program pending clarification on whether Plaintiff seeks a civil penalty pursuant to California Civil Code § 1794(c) or California Civil Code § 1794(e). *See Jernigan v. Ford Motor Co.*, 24 Cal. App. 4th 488, 491-92 (Ct. App. 1994); *see also* Cal. Civ. Code § 1794(e)(5) ("If the buyer recovers a civil penalty under subdivision (c), the buyer may not also recover a civil penalty under this subdivision for the same violation.").

1

17cv68-MMA (KSC)

2. The Court tentatively **DEFERS** ruling on Plaintiff's motion to exclude expert opinion testimony from lay witnesses. The Court will exclude opinion testimony elicited from lay witnesses under the Federal Rules of Evidence if warranted at trial. *See* Fed. R. Evid. 701.

3. The Court tentatively **DEFERS** ruling on Plaintiff's motion to exclude undisclosed witnesses. Pursuant to Federal Rule of Civil Procedure 26(a)(3), a party is under no obligation to disclose witnesses it intends to use for impeachment. Fed. R. Civ. P. 26(a)(3). That exception does not extend to rebuttal witnesses, and so rebuttal witnesses that have not been identified pursuant to Rules 26(a) and 26(e) of the Federal Rules of Civil Procedure may not testify absent a showing of substantial justification or harmlessness from failure to disclose. *See* Fed. R. Civ. P. 37(c).

4. The Court tentatively **DENIES** Plaintiff's motion to exclude defense expert Toshio Shintaku from testifying or any of his opinions not offered in his deposition because Plaintiff's motion is untimely pursuant to the Undersigned's Chambers Rules. *See* Civ. Chambers R. IX at n.3. Alternatively, the Court tentatively finds that Mr. Shintaku's opinions are supported by sufficient foundation, are not speculative, help the trier of fact, and are not unduly prejudicial.

## DEFENDANT'S MOTIONS

1. The Court tentatively **DEFERS** ruling on Defendant's motion to exclude references to other vehicles, claims, or incidents pending an attempt to put forth such evidence at trial and a showing of sufficient similarity between the instant action and other vehicles, claims, or incidents. *See White v. Ford Motor Co.*, 312 F.3d 998, 1009 (9th Cir. 2002) (stating that a showing of substantial similarity is required when a plaintiff attempts to introduce evidence of other accidents as direct proof of negligence, a design defect, or notice of a defect); *Four Corners Helicopters, Inc. v. Turbomeca, S.A.*, 979 F.2d 1434, 1440 (10th Cir. 1992) (noting that the substantial similarity requirement is relaxed when the evidence of other incidents is used to demonstrate notice or awareness of a potential defect).

2. The Court tentatively **GRANTS** Defendant's motion to exclude evidence of emotional distress. The Court tentatively finds that Plaintiff's subjective emotional distress is irrelevant and likely to be unduly confusing and consumptive of time. *See Lundy v. Ford Motor Co.*, 87 Cal. App. 4th 472, 478 (Ct. App. 2001) (stating that an objective test determines whether a vehicle's nonconformity is substantial).

3. The Court tentatively **DEFERS** ruling on Defendant's motion to exclude statements offered by Plaintiff of the dealership or its personnel pending Plaintiff's showing of the requisite agency element or that the statement was otherwise authorized by Defendant. *See* Fed. R. Evid. 801(d)(2)(C)-(D); *see also Gray v. Mazda Motor of Am., Inc.*, No. SACV 08-279-JVS (ANx), 2009 U.S. Dist. LEXIS 138461, at *10 n.5 (C.D. Cal. Feb. 6, 2009) (stating that "the Song-Beverly Act does not have the evidentiary force of making the statement of a dealer an admission of the manufacturer as a matter of law").

4. The Court tentatively **DENIES** Defendant's motion to exclude Plaintiff's expert Dan Calef from testifying because the motion is untimely. *See* Civ. Chambers R. IX at n.3. Alternatively, the Court tentatively finds that Mr. Calef is qualified to testify as an expert in this case and that his expert report meets the minimum requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

As these rulings are tentative, the Court looks forward to the oral arguments of counsel at the hearing.

**IT IS SO ORDERED**.

Dated: August 3, 2018

Hon. Michael M. Anello
United States District Judge